# EXHIBIT 1

1
2
3
4
5
6

**HUNTER PYLE, SBN 191125**
HUNTER PYLE LAW, PC
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email:. hunter@hunterpylelaw.com

Attorneys for Plaintiff
SHERRELL TEAGUE

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
10/17/2025 at 02:55:05 PM
By: Andrel Gospel,
Deputy Clerk

7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

## FOR THE COUNTY OF ALAMEDA

9

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| SHERRELL TEAGUE, | Case No.: **25CV149534** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT (FEHA);** |
| TESLA, INC., which does business in California as TESLA MOTORS, INC.; and DOES 1-20, inclusive, | 2. **RACE-BASED HARASSMENT (FEHA);** |
| | 3. **DISABILITY-BASED HARASSMENT (FEHA);** |
| Defendants. | 4. **RACE DISCRIMINATION (FEHA);** |
| | 5. **DISABILITY DISCRIMINATION (FEHA);** |
| | 6. **RETALIATION (FEHA);** |
| | 7. **FAILURE TO PREVENT DISCRIMINATION, RETALIATION & HARASSMENT (FEHA);** |
| | 8. **FAILURE TO ACCOMMODATE (FEHA); AND** |
| | 9. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (FEHA).** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff SHERRELL TEAGUE ("Plaintiff") complains and alleges as follows:

## I.    INTRODUCTION

1.     Plaintiff was employed at TESLA, INC. which does business in California as TESLA MOTORS, INC. ("Defendant TESLA") from approximately July 2020 to approximately November 2022.

2.     Throughout her employment, Plaintiff was subjected to a pattern and practice of harassment and discrimination by various supervisors and employees of Defendant TESLA.

3.     Plaintiff was sexually harassed by Anthony Holmes, an employee of Defendant TESLA.

4.     Some of Plaintiff's direct supervisors employed by Defendant TESLA regularly used racial slurs to offend her.

5.     Defendant TESLA knew or should have known of this harassment but failed to take adequate measures to protect Plaintiff.

6.     Plaintiff had a known disability with approved accommodations by Defendant TESLA. Plaintiff faced harassment from her superiors about her disability and was denied the use of her accommodations.

7.     This harassment, discrimination, and retaliation created intolerable working conditions for Plaintiff.

8.     Plaintiff was terminated from her employment with Defendant TESLA in approximately November 2022 in retaliation for making a complaint against a supervisor for unlawful conduct in the workplace.

9.     Plaintiff brings this case alleging causes of action for: (1) sexual harassment – hostile work environment; (2) race harassment; (3) disability harassment; (4) race discrimination; (5) disability discrimination; (6) retaliation; (7) failure to prevent discrimination, retaliation, and harassment; (8) failure to accommodate; and (9) failure to engage in the interactive process.

## II.    PARTIES AND JURISDICTION

10.    Plaintiff is a Black female residing in the State of California. Plaintiff worked for Defendant TESLA in Alameda County from approximately July 2020 to approximately November 2022.

11.    Defendant TESLA is a Texas corporation licensed to do business by virtue of the laws of the State of California. Defendant TESLA maintains its headquarters in Austin, Texas, and operates and engages in business in the City of Fremont, located in the County of Alameda, California.

12.    The true names and capacities, whether individual, corporate, associate, agent, or otherwise, of the Defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, each such fictitiously named Defendant is responsible in the manner set forth herein, or some other manner, for the occurrences alleged herein, and that the damages as alleged herein were proximately caused by their conduct. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is a California resident. Plaintiff will amend this complaint to allege their true names and capacities when such information is discovered.

13.    Venue is proper in the County of Alameda for the following reasons: Defendant TESLA operates and engages in business in the City of Fremont, located in the County of Alameda, California. Additionally, the acts, omissions, conduct, contracts, promises, and violations of the law herein alleged were done, made, or performed in substantial part in the County of Alameda. This Court has jurisdiction over this action pursuant to Article 6, section 10 of the California Constitution and California Code of Civil Procedure section 410.10.

## III.    TOLLING AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.    Plaintiff's claims were tolled by the filing of *Marcus Vaughn v. Tesla Inc.,* Alameda County Case No. RG17882082, on November 13, 2017.

1    15.    Plaintiff has exhausted the applicable remedies available to her under the California

2    Fair Employment and Housing Act ("FEHA") by timely filing complaints regarding the matters

3    described below with the California Civil Rights Department ("CRD").

4    16.    The CRD issued a Notice of Case Closure and Right to Sue Letter to Plaintiff for her

5    race harassment and discrimination related claims on February 27, 2025, and for her sex and

6    disability harassment and discrimination related claims on October 17, 2024.

7    ## IV.    STATEMENT OF THE CASE

8    17.    Plaintiff worked as a Production Associate and Operations Trainer for Defendant

9    TESLA at 45500 Fremont Boulevard, Fremont, California 94538, and 901 Page Avenue, Fremont,

10    California 94538.

11    18.    Plaintiff was employed by Defendant TESLA from approximately July 2020 until

12    her unlawful termination on approximately November 2022.

13    19.    As a Production Associate and Operations Trainer, Plaintiff's job duties included

14    submitting requests for parts on the Seats line and working on the line for the Paints Department for

15    Defendant TESLA's vehicles.

16    20.    Plaintiff's supervisors included Luis LNU (Last Name Unknown) and Shaun LNU

17    (Last Name Unknown).

18    ### Racial Animus at TESLA

19    21.    While working at Defendant TESLA's factory, Plaintiff would regularly hear

20    language spoken by non-Black employees that was racist towards Black employees. For example,

21    Plaintiff would regularly hear non-Black employees using the N-word, including "n*gg*" and

22    "n*gg*r." On at least one occasion, Plaintiff's coworker directly called her the N-word. These racist

23    terms were very offensive to Plaintiff.

24    22.    Non-Black leads and supervisors were present for and engaged in racist language

25    towards Black employees. Plaintiff would also hear her lead use the N-word around her.

26    23.    Plaintiff regularly heard the factory being referred to as a "plantation" and "slave

27    ship" by Defendant TESLA's employees. Plaintiff understood that these terms were being used to be

28

a reference to how Defendant TESLA treats its employees, and its Black employees in particular, like slaves because of the offensive, discriminatory, and harassing treatment that she and other Black workers endured.

24.    The racially harassing speech was extremely offensive to Plaintiff, and she complained about it to her leads, supervisors, and Human Resources ("HR").

**TESLA's Differential Treatment of Plaintiff and Other Black Employees**

25.    Plaintiff observed that Black employees were treated in an inferior manner than non-Black employees in terms of work opportunities and job assignments.

26.    Plaintiff observed that while there were many Black Production Associates at Defendant TESLA's factories, few of the Black Production Associates were given promotion opportunities.

27.    Plaintiff also observed few Black employees in lead or supervisory positions.

28.    Plaintiff witnessed that Black employees were assigned more labor-intensive work than non-Black employees while working at Defendant TESLA's factory lines. For example, Plaintiff saw that Black employees engaged in more heavy lifting duties than non-Black employees. Plaintiff also saw that non-Black employees sat in stationary positions more often than Black employees.

**Disability Discrimination at TESLA**

29.    Plaintiff has Irritable Bowel Syndrome ("IBS"), which is known to Defendant TESLA.

30.    Plaintiff provided a doctor's note to Defendant TESLA with the following restriction: allowed to have a restroom break more often.

31.    However, Shaun denied Plaintiff's requests to use the restroom and refused to let her go to the restroom despite knowing about her disability. Shaun also humiliated Plaintiff in front of her coworkers.

32.    Upon information and belief, another coworker with the same known disability was accommodated without issues.

33.     Plaintiff reported this issue to Defendant TESLA's HR representative, Hannah Stillman. Ms. Stillman informed Plaintiff that employees can be denied their right to use the restroom.

34.     Plaintiff's other supervisor, Luis, also treated Plaintiff differently because of her disability. Luis micromanaged Plaintiff when it came to her reasonable accommodations. For example, Luis asked Plaintiff if she received approval for her accommodations even though the accommodations had taken place months ago.

35.     Luis denied Plaintiff work opportunities as an Operations Trainer by not allowing her to have sufficient amount of tasks to complete, which would have allowed her to succeed in the position. Luis would purposely redirect work, such as leading tours, from Plaintiff during her shift.

36.     Luis regularly attempted to find false reasons to provide Plaintiff with a write-up.

37.     Luis's actions impacted Plaintiff's opportunities for advancement, regardless of how hard she worked.

**Sexual Harassment at TESLA**

38.     Plaintiff was sexually harassed by an associate, Anthony Holmes, at Defendant TESLA's factory.

39.     Mr. Holmes made comments to Plaintiff like: "You're making my d**k hard"; "I'm trying to see what that mouth do, let's go to car and you can have me for lunch"; and "Damn you smell good, that's them t*tt**s smelling like that?"

40.     Plaintiff spoke to other female coworkers who were sexually harassed by Mr. Holmes. Upon information and belief, these women reported Mr. Holmes to Defendant TESLA, but Mr. Holmes continued to harass them.

41.     Upon information and belief, Mr. Holmes was reported seven times for sexual harassment.

42.     Additionally, another male employee told Plaintiff that she had "D*ck sucking lips."

43.     Plaintiff was extremely offended by the sexual harassment she had to endure at Defendant TESLA's factory.

**Plaintiff Complains About the Harassment and Discrimination**

44.    Plaintiff complained multiple times, including in or around August and September 2021 and 2022, to her superiors and HR about the racist language and the racial animosity that she was experiencing and observing.

45.    Plaintiff was told by her superiors and HR that they would make note of the complaints.

46.    To Plaintiff's knowledge, none of her complaints were ever investigated or resolved.

47.    After Plaintiff's complaints about the racial harassment, which included complaints about her coworkers' use of the N-word, Plaintiff's coworkers retaliated against her by directing the N-word to her and ignoring her vehicle parts requests. Another employee who Plaintiff also made complaints about regarding the use of the N-word physically threatened Plaintiff at the factory. Plaintiff also reported these incidents to HR.

48.    Upon information and belief, these additional complaints were not investigated or resolved.

49.    In November 2022, Plaintiff made a complaint to HR about Luis's treatment of her regarding her disability and accommodations.

50.    HR informed Plaintiff that it would respond to her within a week.

**TESLA Terminates Plaintiff**

51.    In November 2022, the same week that Plaintiff made a complaint against Luis, Plaintiff was terminated by Defendant TESLA.

52.    Plaintiff was terminated because she filed a complaint against Luis regarding disability discrimination.

**V.    CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Sexual Harassment – Hostile Work Environment**
**in Violation of Cal. Gov't Code §§ 12923(a), 12940(j)**

53.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

54.    California Government Code section 12940, subdivision (j), provides that it shall be unlawful for an employer to harass an employee. The FEHA holds employers strictly liable for harassment by supervisors. Furthermore, Section 12940, subdivision (j), provides that harassment of an employee, "by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action."

55.    California Government Code section 12923, subdivision (a), provides that harassment creates a hostile, offensive, oppressive, or intimidating work environment and deprives victims of their statutory right to work in a place free of discrimination when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being.

56.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

57.    Plaintiff was subjected to harassing conduct because she is a woman.

58.    The harassing conduct was severe or pervasive.

59.    A reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

60.    Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

61.    Defendant TESLA knew or should have known of the harassing conduct and failed to take immediate and corrective action.

62.    In committing these actions, Defendant violated the FEHA.

63.    Plaintiff was harmed by Defendant's actions.

64.    Defendant's actions were a substantial factor in causing Plaintiff's harm.

65.    Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights, in that Defendant TESLA failed to take corrective action

1  to prevent the harassment of Plaintiff, despite the fact that Defendant TESLA knew about the

2  harassment. Thus, Plaintiff is entitled to recover punitive damages from Defendant.

3      66.    As a direct, foreseeable, and proximate result of the acts of Defendant, Plaintiff has

4  suffered damages in an amount according to proof.

5      WHEREFORE, Plaintiff requests judgment against Defendant as set forth below.

6                          **SECOND CAUSE OF ACTION**
                               **Race Harassment**
7                     **in Violation of Cal. Gov't Code § 12940(j)**

8      67.    The allegations of each of the preceding paragraphs are realleged and incorporated

9  herein by reference.

10     68.    California Government Code section 12940(j) provides that it shall be unlawful for an

11 employer to harass an employee. The FEHA holds employers strictly liable for harassment by

12 supervisors. Section 12940(j) further provides that harassment of an employee, "by an employee,

13 other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows

14 or should have known of this conduct and fails to take immediate and appropriate corrective action."

15     69.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

16     70.    At all relevant times herein, Plaintiff's supervisors, including Luis and Shaun,

17 engaged in the harassing conduct and/or encouraged the harassing conduct.

18     71.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA when

19 she was being harassed by Defendant TESLA's employees, including supervisors.

20     72.    Plaintiff was subjected to harassing conduct due to her race.

21     73.    The harassing conduct was severe or pervasive.

22     74.    A reasonable Black person in Plaintiff's circumstances would have considered the

23 work environment to be hostile, intimidating, offensive, oppressive, or abusive.

24     75.    Plaintiff considered the work environment to be hostile, intimidating, offensive,

25 oppressive, or abusive.

26     76.    Defendant TESLA knew or should have known of the harassing conduct and failed to

27 take immediate and corrective action.

28

1    77.    In committing these actions, Defendant violated the FEHA.

2    78.    Plaintiff was harmed by Defendant's actions.

3    79.    Defendant's actions were a substantial factor in causing Plaintiff's harm.

4    80.    Defendant committed the acts alleged herein oppressively and maliciously, with the
5  wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and
6  in conscious disregard of Plaintiff's rights, in that Defendant TESLA's supervisors, including Luis
7  and Shaun, harassed Plaintiff and Defendant TESLA failed to take corrective action to prevent the
8  harassment of Plaintiff, despite the fact that Defendant TESLA knew about the harassment and knew
9  of the supervisors' history of harassment towards Black employees. Thus, Plaintiff is entitled to
10  recover punitive damages from Defendant.

11    81.    As a direct, foreseeable, and proximate result of the acts of Defendant, Plaintiff has
12  suffered damages in an amount according to proof.

13    WHEREFORE, Plaintiff requests judgment against Defendant as set forth below.

14                           **THIRD CAUSE OF ACTION**
                              **Disability Harassment**
15                 **in Violation of Cal. Gov't Code § 12940(j)**

16    82.    The allegations of each of the preceding paragraphs are realleged and incorporated
17  herein by reference.

18    83.    California Government Code section 12940(j) provides that it shall be unlawful for an
19  employer to harass an employee. The FEHA holds employers strictly liable for harassment by
20  supervisors. Section 12940(j) further provides that harassment of an employee, "by an employee,
21  other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows
22  or should have known of this conduct and fails to take immediate and appropriate corrective action."

23    84.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

24    85.    At all relevant times herein, Plaintiff's supervisors, including Luis and Shaun,
25  engaged in the harassing conduct and/or encouraged the harassing conduct.

26    86.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA when
27  she was being harassed by Defendant TESLA's employees, including supervisors.

28

1    87.    Plaintiff was subjected to harassing conduct due to her disability.

2    88.    The harassing conduct was severe or pervasive.

3    89.    A reasonable disabled person in Plaintiff's circumstances would have considered the

4    work environment to be hostile, intimidating, offensive, oppressive, or abusive.

5    90.    Plaintiff considered the work environment to be hostile, intimidating, offensive,

6    oppressive, or abusive.

7    91.    Defendant TESLA knew or should have known of the harassing conduct and failed to

8    take immediate and corrective action.

9    92.    In committing these actions, Defendant violated the FEHA.

10    93.    Plaintiff was harmed by Defendant's actions.

11    94.    Defendant's actions were a substantial factor in causing Plaintiff's harm.

12    95.    Defendant committed the acts alleged herein oppressively and maliciously, with the

13    wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and

14    in conscious disregard of Plaintiff's rights, in that Defendant TESLA's supervisors, including Luis

15    and Shaun harassed Plaintiff and Defendant TESLA failed to take corrective action to prevent the

16    harassment of Plaintiff, despite the fact that Defendant TESLA knew about the harassment and knew

17    of the supervisors' history of harassment towards disabled employees. Thus, Plaintiff is entitled to

18    recover punitive damages from Defendant.

19    96.    As a direct, foreseeable, and proximate result of the acts of Defendant, Plaintiff has

20    suffered damages in an amount according to proof.

21    WHEREFORE, Plaintiff requests judgment against Defendant as set forth below.

22

23

24

25

26

27

28

**FOURTH CAUSE OF ACTION**
**Race Discrimination**
**in Violation of Cal. Gov't Code § 12940(a)**

97.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

98.     California Government Code Section 12940(a) provides that it shall be unlawful for an employer to discriminate against an employee "in compensation or in terms, conditions, or privileges of employment."

99.     At all relevant times herein, Defendant TESLA was Plaintiff's employer.

100.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

101.    Defendant TESLA engaged in adverse employment actions including, but not limited to, treating Plaintiff differently from non-Black employees in terms of opportunities and other issues; and failing to follow up on complaints about unlawful conduct.

102.    Plaintiff is a Black female.

103.    Plaintiff's race was a substantial motivating reason for Defendant TESLA's adverse employment actions including, but not limited to, treating Plaintiff differently from non-Black employees in terms of opportunities and other issues; and failing to follow up on complaints about unlawful conduct.

104.    Plaintiff was harmed.

105.    Defendant TESLA's conduct was a substantial factor in causing Plaintiff's harm.

106.    Defendant TESLA committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages from Defendant TESLA.

107.    As a direct, foreseeable, and proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.

11

1

2

## FIFTH CAUSE OF ACTION
### Disability Discrimination
### in Violation of Cal. Gov't Code § 12940

3

4

108.    The allegations of each of the preceding paragraphs are realleged and incorporated

herein by reference.

5

6

109.    Plaintiff is and was disabled and is thus a member of the class of persons protected by

the FEHA from employment discrimination on the basis of disability at the time of her employment

7

with Defendant TESLA.

8

110.    Plaintiff is and was disabled under California Government Code section 12926.1(b).

9

Plaintiff suffers from IBS, which limited her major life activities, including working.

10

111.    At all relevant times herein, Defendant TESLA was Plaintiff's employer.

11

112.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

12

113.    Defendant TESLA knew that Plaintiff suffers from a disability that limited her major

13

life activity of working.

14

114.    Plaintiff was able to perform the essential job duties, either with or without

15

reasonable accommodation for her disability.

16

115.    Defendant TESLA prevented her from taking restroom breaks and reprimanded her

17

for taking too long in the restroom.

18

116.    Defendant TESLA also discriminated against Plaintiff by constantly micromanaging

19

her when she used her accommodations.

20

117.    Defendant TESLA terminated Plaintiff.

21

118.    Plaintiff's disability was a substantial motivating reason in Defendant TESLA's

22

adverse employment actions.

23

119.    Plaintiff was harmed when Defendant TESLA discriminated against her on the basis

24

of her disability.

25

120.    Defendant TESLA's conduct was a substantial factor in causing Plaintiff's harm.

26

121.    Defendant TESLA committed the acts alleged herein oppressively and maliciously,

27

with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to

28

1    malice, and in conscious disregard of her rights under the FEHA, in that Defendant TESLA

2    discriminated against Plaintiff on the basis of her disability. Thus, Plaintiff is entitled to recover

3    punitive damages from Defendant TESLA.

4        122.   As a proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages

5    in an amount according to proof.

6        WHEREFORE, Plaintiff prays for judgment against Defendant TESLA as set forth below.

7
## SIXTH CAUSE OF ACTION
### Retaliation
8
### in Violation of Cal. Gov't Code § 12940(h)

9
10   123.   The allegations of each of the preceding paragraphs are realleged and incorporated

     herein by reference.
11
     124.   Plaintiff complained to Defendant TESLA regarding the FEHA violations, including
12
     discrimination and harassment.
13
     125.   Defendant TESLA did not investigate or take any actions after Plaintiff complained
14
     about the FEHA violations and instead terminated Plaintiff.
15
     126.   Plaintiff's complaints of unlawful conduct including discrimination and harassment
16
     were substantial motivating reasons for Defendant TESLA's decision to terminate Plaintiff.
17
     127.   Plaintiff was harmed.
18
     128.   Defendant TESLA's conduct was a substantial factor in causing Plaintiff's harm.
19
     129.   Defendant TESLA committed the acts alleged herein oppressively and maliciously,
20
     with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to
21
     malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive
22
     damages from Defendant TESLA.
23
     130.   As a proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages
24
     in an amount according to proof.
25
         WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.
26

27

28

1

### SEVENTH CAUSE OF ACTION
**Failure to Prevent Discrimination, Retaliation, & Harassment**
**in Violation of Cal. Gov't Code § 12940(k)**

2

3       131.    The allegations of each of the preceding paragraphs are realleged and incorporated

4   herein by reference.

5       132.    California Government Code Section 12940(k) provides that it shall be unlawful for

6   an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and

7   harassment from occurring.

8       133.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

9       134.    Plaintiff was subjected to harassing, discriminating, and retaliating conduct because

10  of her protected statuses as a Black, female, and disabled person.

11      135.    The harassing conduct directed toward Plaintiff was so severe, widespread, or

12  persistent that a reasonable person in Plaintiff's circumstances would have considered the work

13  environment to be hostile or abusive.

14      136.    Plaintiff considered the work environment to be hostile or abusive.

15      137.    Defendant TESLA knew or should have known of the harassing, discriminatory, and

16  retaliatory conduct and failed to take all reasonable steps necessary to prevent harassment,

17  discrimination, and retaliation from occurring.

18      138.    In committing these actions, Defendant TESLA violated the FEHA.

19      139.    Plaintiff suffered harm.

20      140.    The failure of Defendant TESLA to take reasonable steps to prevent harassment,

21  discrimination, and retaliation was a substantial factor in causing Plaintiff's harm.

22      141.    Defendant TESLA committed the acts alleged herein oppressively and maliciously,

23  with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to

24  malice, and in conscious disregard of Plaintiffs' rights. Thus, Plaintiff is entitled to recover punitive

25  damages from Defendant TESLA.

26      142.    As a proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages

27  in an amount according to proof.

28

1    WHEREFORE, Plaintiff requests judgment against Defendant TESLA as set forth below.

2    **EIGHTH CAUSE OF ACTION**
     **Failure to Provide Reasonable Accommodation**
3    **in Violation of Cal. Gov't Code § 12940(m)**

4    143.    The allegations of each of the preceding paragraphs are realleged and incorporated

5    herein by reference.

6    144.    California Government Code section 12940(m) provides that it is unlawful for any

7    employer to fail to make reasonable accommodation for the known disability of an employee.

8    145.    At all relevant times herein, Defendant TESLA was Plaintiff's employer.

9    146.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

10   147.    Plaintiff has a disability that limited the major life activity of working.

11   148.    Defendant TESLA knew of Plaintiff's disability that limited the major life activity of

12   working.

13   149.    Plaintiff was able to perform the essential job duties of her position with reasonable

14   accommodation for her disability.

15   150.    Defendant TESLA failed to meet its duty to provide reasonable accommodations for

16   Plaintiff's known disability.

17   151.    Plaintiff was harmed by Defendant TESLA's failure to reasonably accommodate her

18   disability.

19   152.    Defendant TESLA's failure to provide reasonable accommodations was a substantial

20   factor in causing Plaintiff's harm.

21   153.    Defendant TESLA committed the acts alleged herein oppressively and maliciously,

22   with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to

23   malice, and in conscious disregard of her rights under the FEHA, in that Defendant TESLA failed to

24   provide Plaintiff with reasonable accommodations. Thus, Plaintiff is entitled to recover punitive

25   damages from Defendant TESLA.

26   154.    As a proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages

27   in an amount according to proof.

28

*TEAGUE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1     WHEREFORE, Plaintiff prays for judgment against Defendant TESLA as set forth below.

2                              **NINTH CAUSE OF ACTION**
                      **Failure to Engage in the Interactive Process**
3                      **in Violation of Cal. Gov't Code § 12940(n)**

4     155.    The allegations of each of the preceding paragraphs are realleged and incorporated

5     herein by reference.

6     156.    California Government Code section 12940(n) provides that it is unlawful for any

7     employer to fail to engage in a timely, good faith, interactive process with the employee to determine

8     effective reasonable accommodations, if any.

9     157.    At all relevant times herein, Defendant TESLA was Plaintiff's employer.

10    158.    At all relevant times herein, Plaintiff was an employee of Defendant TESLA.

11    159.    Defendant TESLA knew that Plaintiff had a disability which substantially limited the

12    major life activity of working.

13    160.    Plaintiff requested that Defendant TESLA make reasonable accommodations for her

14    disability so that she would be able to perform her essential job requirements.

15    161.    Plaintiff was willing to participate in an interactive process to determine whether

16    reasonable accommodations could be made so that she would be able to perform her essential job

17    requirements.

18    162.    Defendant TESLA failed to engage in a timely, good faith, interactive process with

19    Plaintiff to determine effective reasonable accommodations for her known disability and instead

20    terminated Plaintiff's employment.

21    163.    Plaintiff was harmed as a result of Defendant TESLA's failure to engage in the

22    interactive process.

23    164.    Defendant TESLA's failure to engage in the interactive process was a substantial

24    factor in causing Plaintiff's harm.

25    165.    Defendant TESLA committed the acts alleged herein oppressively and maliciously,

26    with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to

27    malice, and in conscious disregard of her rights under the FEHA, in that Defendant TESLA failed to

28

1    engage in the interactive process. Thus, Plaintiff is entitled to recover punitive damages from

2    Defendant TESLA.

3         166.    As a proximate result of the acts of Defendant TESLA, Plaintiff has suffered damages

4    in an amount according to proof.

5         WHEREFORE, Plaintiff prays for judgment against Defendant TESLA as set forth below.

6                              **VI.    DAMAGES**

7         167.    As a proximate result of the conduct by Defendant TESLA, Plaintiff has suffered and

8    continues to suffer economic loss.

9         168.    As a further proximate result of the conduct by Defendant TESLA, Plaintiff has

10   suffered emotional and mental distress, fear, anxiety, humiliation, and embarrassment.

11        169.    Plaintiff was required to retain private counsel to vindicate her rights under law.

12   Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for

13   violation of her civil rights.

14        WHEREFORE, Plaintiff requests relief from Defendant TESLA as follows:

15        1.    For compensatory damages for lost past and future wages, earnings, and benefits,

16              according to proof;

17        2.    For general damages for humiliation, mental anguish, and emotional distress,

18              according to proof;

19        3.    For consequential damages, according to proof;

20        4.    For punitive damages, according to proof;

21        5.    For statutory penalties, according to proof;

22        6.    For reasonable attorneys' fees, according to proof;

23        7.    For reasonable costs, according to proof;

24        8.    Injunctive relief to address the wrongs alleged herein; and

25        9.    For such other and further relief as the Court may deem just and proper.

26

27

28

DATED: October 17, 2025

HUNTER PYLE LAW, PC

By: _____
Hunter Pyle

Attorneys for Plaintiff
SHERRELL TEAGUE

*TEAGUE V. TESLA, INC.*
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff SHERRELL TEAGUE demands a jury trial of this matter on all triable claims.

DATED: October 17, 2025

HUNTER PYLE LAW, PC

By: _____

Hunter Pyle

Attorneys for Plaintiff
SHERRELL TEAGUE

***TEAGUE V. TESLA, INC.***
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**